OSCN Found Document:ORDER REGARDING THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT

 

 
 

 
 ORDER REGARDING THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT
2020 OK 22
Decided: 05/01/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 22, __ P.3d __

 
ORDER REGARDING THE CORONAVIRUS AID, RELIEF, AND ECONOMIC
SECURITY ACT (CARES ACT, PUBLIC LAW NO. 116-136)

1. The Supreme Court continues to issue orders implementing emergency procedures to address the challenges raised by the COVID-19 pandemic. In response to this pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act, Public Law No. 116-136). The law includes important, immediate protections for tenants and homeowners.

2. In order to address residential evictions, an issue that has health and safety implications, and pursuant to our superintending authority under Article 7, Section 4 of the Oklahoma Constitution, this Court adopts and mandates the implementation of the following temporary pleading requirement.

A. In support of a Petition for Forcible Entry and Detainer or Affidavit for Possession filed on or after March 27, 2020, the date of passage of the CARES Act, the Plaintiff in any action for eviction shall affirmatively plead that the property that is the subject of the eviction dispute is or is not a covered dwelling under the CARES Act. 

B. This requirement shall be met by the filing of the attached VERIFICATION OF COMPLIANCE WITH SECTION 4024 OF THE CARES ACT. The Plaintiff shall supplement all pending cases where the Petition or Affidavit for Possession was not filed with a Verification of Compliance with Section 4024 of the CARES Act. All new filings must comply with this order until further order of this Court.

3. This temporary pleading requirement merely reflects the Act's moratorium prohibiting the lessor of a covered dwelling from filing a legal action to recover possession of the property for nonpayment of rent. See CARES Act Section 4024(b). This requirement shall remain in force and effect until further order of this Court.

4. This order is effective upon the date of filing.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 1st day of May, 2020.

/s/Noma D. Gurich, Chief Justice

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, and Combs, JJ., concur;

Kane, J., concurs in part and dissents in part;

Rowe, J., dissents (by separate writing).

Â 

Â 

Verification of Compliance with CARES

Â 

Â 

Rowe, J., dissenting:

Â¶1 This order and the pleading requirement it imposes are meant to ensure compliance with the temporary moratorium on state eviction proceedings imposed by Section 4024 of the CARES Act.

Â¶2 Under Oklahoma law, forcible entry and detainer actions are often filed on the small claims docket. 12 O.S. Â§ 1148.14. The verification approved by the Court today places the burden on Plaintiffs (landlords) to verify their compliance with the requisites of the CARES Act. The verification must be signed under penalty of perjury. Many parties appearing on the small claims docket appear pro se; they file their pleadings without the assistance of counsel. A verification mistakenly completed could result in a criminal charge, or, result in an action being dismissed by the court sua sponte.

Â¶3 I am confident that judges can apply the protections afforded in the CARES Act to Defendants in accord with both federal and state law, without the requirement of this verification which may, inadvertently, create a roadblock to Plaintiffs' access to court.

Â¶4 Accordingly, I respectfully dissent.

Â